# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MARCELLA W. TRUSS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 2:19-CV-8019-SLB |
| vs. ) | Crim. Case No. 2:14-CR-114-SLB-JEO-1 |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This case is before the court on Motion Under U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [hereinafter Motion to Vacate], filed by petitioner Marcella W. Truss. (Doc. 1; crim. doc. 227.)[1] For the reasons set forth herein, Ms. Truss's Motion to Vacate will be denied with leave to refile.

Ms. Truss's Motion to Vacate alleges the following 17 grounds for relief:

"Ineffective [A]ssistance of Counsel at Pretrial and Investigative Stage of Proceedings[.]" (Doc. 1 at 4.)

---

[1]Citations to documents in the court's record in petitioner's Motion to Vacate appear as "(doc. __)." Citations to documents in the court's record in the criminal proceedings against petitioner, Case No. 2:14-CR-114-SLB-JEO-1, appear as "(crim. doc. __)." Page number citations refer to the page numbers assigned to the document by the court's CM/ECF electronic filing system.

1. Counsel failed "to procure information necessary to make tactical decision for trial." (*Id.*)

2. Counsel failed "to investigate [and] interview [w]itness." (*Id.*)

3. "Counsel's strategic choices [made] without investigation [were] not reasonable." (*Id.*)

4. "Counsel[ ] [was] ineffective for lack of pretrial consultation with client." (*Id.*)

5. Counsel failed "to introduce defendant's diminished capacity in order for court to consider USSG 5K2.13 [Downward] Departure[,] which would have resulted in a lesser sentence, and to jury for consideration and deliberations." (*Id.* at 5.)

"Ineffective [A]ssistance of Counsel in [T]rial [S]tage of [P]roceedings." (*Id.* at 6.)

6. "Counsel's errors in combination deprived Truss of a meaningful defense." (*Id.*)

7. "Counsel failed to preserve appropriate issues on the record for appropriate appellate review." (*Id.*)

8. "Counsel failed to successfully enter evidence on record and request evidence supporting Truss[']s lack of involvement in [the] conspiracy presented to the jury, or [to object] to court's denial thereof." (*Id.*)

"Ineffective assistance of Counsel at pre-sentencing/sentencing stage of proceeding[.]" (*Id.* at 7.)

9. "Counsel failed to prepare defendant for PSR interview or be present during PSR interview." (*Id.*)

10. "Counsel failed to . . . request[ ] that the Court rule on [her] objections to the PSR."[2] (*Id.*)

11. "Sentencing Counsel [was] ineffective due to [his] inability to prepare because of last minute transition/appointment of counsel." (*Id.*)

12. "Counsel failed to motion court for downward departure [to] which defendant was entitled." (*Id.*)

13. Counsel failed "to object to Court's vindictive sentencing approach." (*Id.*)

"Ineffective Assistance of Appellate Counsel[.]" (*Id.* at 8.)

14. Appellate Counsel failed "to request [a] rehearing [en banc] before [panel]." (*Id.*)

15. "Appellate Counsel failed to address district court's [Fed. R. Crim. P.] 32(c) violations regarding failure to make ruling on PSR objection[.]"[3] (*Id.*)

---

[2]The ground is without merit. Ms. Truss cannot show any prejudice resulted from her counsel's failure to ask the court to rule on Ms. Truss's objections to the PSR because the court ruled on all the objections during the sentencing hearing. (*See* doc. 209 at 38-39.)

[3]This ground is without merit. Specifically, Rule 32(c) sets forth the probation officer's responsibilities during the presentence investigation. *See* Fed. R. Crim. P. 32(c). Subsection (i)(3)(B) sets forth the court's responsibility for ruling on objections: "At sentencing, the court . . . (B) must – for any disputed portion of the presentence report or other controverted matter – rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing . . . ." As set forth above, *supra* note 2, the court ruled on all the objections at sentencing.

3

16. "Counsel fail[ed] to [argue reasonableness] of sentence in light of proper consideration of 3553(a) factors." (*Id*.)

17. "App[e]llate Counsel . . . fail[ed] to make . . . argument that trial counsel [had provided ineffective assistance]." (*Id*.)

The Motion to Vacate contains no specific facts supporting the claims of ineffective assistance of counsel. Also, the Motion to Vacate is not signed under penalty of perjury.

"Section 2255 authorizes a federal prisoner to move the court of conviction to vacate, set aside, or correct her sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States." *Snoddy v. United States*, No. 2:07-CR-0069-JHH-PWG, 2012 WL 1745591, *3 (N.D. Ala. Apr. 20, 2012)(citing 28 U.S.C. § 2255(a)), *report and recommendation adopted* 2012 WL 1745548 (N.D. Ala. May 14, 2012). Rule 2(b) of the Rules Governing Section 2255 Proceedings "mandate[s] 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a)." *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011)(citing, *inter alia*, *McFarland v. Scott*, 512 U.S. 849, 856 (1994)). Rule 2(b) states:

The motion [to vacate] must:

(1) specify all the grounds for relief available to the moving party;

(2) state the facts supporting each ground;

4

(3)  state the relief requested;

(4)  be printed, typewritten, or legibly handwritten; and

(5)  be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant.

Rules Governing Section 2255 Proceedings, Rule 2(b).[4] The form Motion to Vacate used by Ms. Truss repeatedly instructs the movant to "[s]tate the facts supporting each ground." (*See* doc. 1 at 4; *see also id*. ("Do not argue or cite law. Just state the

---

[4]"Section 2255 is a habeas-like provision governing postconviction challenges brought by prisoners in custody due to the sentence of a federal court – the 'fraternal twin' of § 2254." *Weakley v. Marshall*, No. 3:19-CV-0549-RDP-JHE, 2019 WL 7576814, at *2 (N.D. Ala. Dec. 13, 2019)(quoting *Scott v. United States*, 890 F.3d 1239, 1243 (11th Cir. 2018), *report and recommendation adopted*, 2020 WL 136870 (N.D. Ala. Jan. 13, 2020). Therefore, "precedent interpreting one of these parallel [rules] is instructive for interpreting its counterpart." *See Stewart v. United States*, 646 F.3d 856, 859 n.6 (11th Cir. 2011)(citations omitted).

Rule 2(b) of the Rules Governing Section 2255 Proceedings and Rule 2(c) of the Rules for Section 2254 Cases are substantially similar. The § 2254 rule, Rule 2(c), states:

> The petition must:
>
> (1) specify all the grounds for relief available to the petitioner;
>
> (2) state the facts supporting each ground;
>
> (3) state the relief requested;
>
> (4) be printed, typewritten, or legibly handwritten; and
>
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Rules Governing Section 2254 Cases, Rule 2(c).

specific facts that support your claim."); *id*. at 6-8 (same).) Ms. Truss did not state any facts to support her claims in her Motion to Vacate and she did not sign her Motion.

"When a § 2255 motion is filed, it is subject to preliminary review, at which time the court is authorized to dismiss the motion summarily '[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief.'" *Snoddy*, 2012 WL 1745591 at *3 (quoting Rule 4(b), Rules Governing § 2255 Proceedings). Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, this court is "authorized to dismiss summarily any [§ 2255 Motion to Vacate] that appears legally insufficient on its face."[5] *McFarland*, 512 U.S. at 856. Therefore, a movant's "generalized allegation that counsel was ineffective . . . , without any further facts concerning [counsel's deficient performance] or the [prejudice caused by the deficient performance], does not satisfy Rule 2[(b)]'s requirement," and will subject the § 2255 Motion to Vacate to summary dismissal. *See Shumaker v. Sec'y of*

---

[5]Rule 4(b) of the § 2255 Rules mirrors Rule 4 of the § 2254 Rules. Rule 4(b) of the Rules Governing section 2255 Proceedings states: "'If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.'" Rules Governing Section 2255 Proceedings, Rule 4(b), *quoted in Borden v. Allen*, 646 F.3d 785, 810 n.32 (11th Cir. 2011). Rule 4 of the Rules Governing Section 2254 Cases states: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing Section 2254 Cases, Rule 4, *quoted in Borden*, 646 F.3d at 810 n.32.

*Fla. Dep't of Corr.*, No. 3:17CV546-RV/MJF, 2019 WL 7878915, *21-22 (N.D. Fla. Dec. 4, 2019)(citing, *inter alia*, *Hittson v. GDCP Warden*, 759 F.3d 1210, 1265 and 1269 (11th Cir. 2014)), *report and recommendation adopted*, No. 3:17CV546-RV/MJF, 2020 WL 608281 (N.D. Fla. Feb. 7, 2020).

To satisfy the heightened pleading requirements of Rule 2(b), Ms. Truss must plead facts that –

> show [her] counsel's conduct "'fell below an objective standard of reasonableness,'" and that, "'but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Hittson*, 759 [F.3d] at 1262 (quoting *Strickland* [*v. Washington*], 466 U.S. [668,] 688, 694). Additionally, courts must give "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and for [Ms. Truss] to overcome that presumption, [she] must "establish that no competent counsel would have taken the action that his counsel did take." *Id*. at 1263 (internal quotation marks and citations omitted). [Ms. Truss] therefore, ***must plead specific facts that demonstrate why [her] counsel's actions fell below the objective standard of reasonableness and why the outcome would have been different absent the alleged error***. [She] cannot merely allege that counsel should have done things differently. *See id*. ("With unlimited time and the benefit of hindsight, a petitioner can come up with any number of potentially meritorious ineffective assistance claims that he now wished his collateral counsel had raised.").

*Arrington v. Warden, GDCP*, No. CV 117-022, 2017 WL 4079405, *5 (S.D. Ga. Sept. 14, 2017)(emphasis added); *see Adams v. United States*, No. 19-11068-C, 2019 WL 4643730, *1 (11th Cir. Aug. 20, 2019)(order denying certificate of appealability; movant failed to properly allege claims of ineffective assistance of counsel because she

8

"did not sufficiently [and specifically] [1] identify how her attorneys erred, [2] what they could have done differently, or [3] how different conduct would have affected the result of her proceeding").

Based on the foregoing, the court will deny Ms. Truss's Motion to Vacate, but allow her leave to amend.[6]   On or before **May 22, 2020**, Ms. Truss may file an Amended Motion to Vacate that satisfies the heightened pleading requirements of Rule 2(b). For each claim of ineffective assistance of counsel, Ms. Truss shall describe, specifically, the act or omission of her attorneys that she alleges were outside the wide range of professionally competent assistance, what action counsel should have done, and how, but for counsel incompetent performance the result would have been different. Ms. Truss must sign the Amended Motion to Vacate under penalty of perjury. Failure to file an Amended Motion to Vacate that satisfies the requirement of Rule 2(b) will result in summary dismissal of this case without further notice.

An Order will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 26th day of March, 2020.

*[signature: Sharon Lovelace Blackburn]*

SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE

---

[6]Ms. Truss may not add new grounds for relief as such new grounds would be time barred.